IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PATRICIA C. GILBERT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16CV187–HEH |
| ) | |
| DICK'S SPORTING ) | |
| GOODS, INC., *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Granting Motion to Remand)

THIS MATTER is before the Court on a Motion to Remand (ECF No. 6), filed by Plaintiff Patricia Gilbert ("Plaintiff") on March 30, 2016. For the reasons set forth herein, the Motion to Remand will be GRANTED. This case is REMANDED to the Circuit Court of Chesterfield County, Virginia, as this Court lacks diversity jurisdiction. The Court, therefore, will not reach the merits of Defendants' Motion to Dismiss (ECF No. 5), but dismiss it as moot.

Plaintiff's action, commenced in the Circuit Court of Chesterfield County, Virginia, arises from injuries sustained after she wrecked a bike in a Dick's Sporting Goods ("DSG") Store. Plaintiff filed suit, naming DSG, Josh Myers ("Myers"), and John Doe #2 ("Doe") as defendants. (Compl., ECF No. 1-3.) The Complaint alleges that Myers and Doe acted negligently when they "put the Plaintiff…a 60 year old female, on a 26" bicycle with gears and hand brakes, which she had told them she had never ridden before and was uncomfortable due to the size of the bicycle and complexity of the gears."

1

(*Id.* ¶¶ 2, 4.) She further alleges that, "in direct disregard of store procedures and policies, the employees, knowing she was unsteady, caused her to ride down the store aisle where she fell into a display cabinet striking her head her head and fracturing her wrist." (*Id.* ¶ 4.) She claims that Defendants violated the "duty of care which an ordinary person would exercise under the same or similar circumstances to avoid injury to another." (*Id.* ¶ 2.)

This Court properly has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

Defendants removed the matter to this Court on March 24, 2016, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and claiming that diversity of citizenship exists. (Notice of Removal ¶ 11, ECF No. 1.) Plaintiff is a citizen and resident of Virginia, DSG is a citizen of Delaware and Pennsylvania, and Myers is a citizen and resident of Virginia. (*Id.* ¶¶ 6–8.) At first glance, it would appear that there is not complete diversity, given then Plaintiff and Defendant Myers are both citizens and residents of Virginia. Yet, despite that fact, Defendants claim that Myers was fraudulently joined, and assert that the citizenship of Myers should be disregarded for the following reasons: (1) it is impossible for Myers to be held liable; (2) Plaintiff has no real intention of obtaining a joint

judgment against Myers; and (3) Myers is a nominal or dispensable party who may be dropped to achieve diversity jurisdiction. (*Id.* ¶ 8; Opp'n Mot. Remand at 3–9, ECF No. 9.)

"The fraudulent joinder doctrine provides an exception to the complete diversity requirement." *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013). The term "fraudulent joinder" is, in many ways, a misnomer. More accurately characterized, it is "a term of art, [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). "The removing party must establish that there is no possibility the plaintiff could establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. A claim need not succeed to defeat removal; only a *possibility* of a right need be asserted." *Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 759 (E.D. Va. July 5, 2011) (citations omitted).

The burden is on the party claiming fraudulent or improper joinder to show that a claim could not be established against the non-diverse defendant even after resolving all issues of law and fact in the plaintiff's favor. *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)). The standard applied in evaluating a fraudulent joinder motion is more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir.1999). Defendants'

burden to show fraudulent joinder is heavy. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir.1993).

A related, but not identical, exception to the complete diversity requirement is that of a nominal party. Under this doctrine, a court may disregard nominal parties and find that diversity jurisdiction exists based only upon the citizenship of real parties to the controversy. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) (citing *Shaugnessy v. Pedreiro*, 349 U.S. 48, 54 (1955) (noting that party status is determined by "practical considerations")).

In this case, Plaintiff describes employees of DSG, one of which being Myers, putting her on a bicycle that they knew she was unfit to ride. (Compl. ¶ 4.) Plaintiff asserts in her Complaint that Myers had the "duty of care which an ordinary prudent person would exercise under the same or similar circumstances to avoid injury to another." (*Id.* ¶ 2.) Plaintiff claims that by placing her on a bicycle that she was clearly unqualified to ride, Myers breached this duty, which caused her to crash and sustain serious injuries. (*Id.* ¶¶ 2–5.)[1]

---

[1] While Plaintiff also alleges that the Defendants had other duties, such as to maintain the premises in a reasonably safe condition, to warn the public of any latent known defects, to train and supervise employees, to insure employees followed company policy, and possibly a duty to simply obey store policies and procedures, the Court need not analyze each and every possible claim or theory of negligence. (Compl. ¶¶ 2–4.) To find that Myers was not fraudulently joined, the Court must only see a possibility that the Plaintiff could state a claim against him in state court.

To plead a viable claim of negligence, one must allege the existence of a legal duty, a breach of the duty, and causation which leads to damage of some kind. *See McGuire v. Hodges*, 273 Va. 199, 205–06 (2007). Plaintiff seems to achieve this in her succinct Complaint. (Compl. ¶¶ 2–5.) This Court cannot conclude that there is absolutely no possibility that the Plaintiff could establish a cause of action against Myers in state court. While it is unclear whether or not this Complaint would survive a Demurrer or Rule 12(b)(6) Motion to Dismiss, the standard for evaluating fraudulent joinder is more favorable to the Plaintiff than the standard under Rule 12(b)(6).

Further, the substantive allegations in Plaintiff's Complaint also preclude the Court from finding that Myers is merely a nominal party. Myers seems to be the primary actor in the alleged event. At this stage, the Court can only speculate as to the Plaintiff's theory of proof. Plaintiff argues that she may seek liability for DSG via respondeat superior, which would likely require Myers to remain a Defendant. For these reasons, the Court cannot say at this stage that Myers is only a nominal party, nor that Plaintiff has no real intention of collecting a judgment from Myers.

Because removal raises significant federalism concerns, this Court must strictly construe removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where federal jurisdiction is doubtful, remand to state court is appropriate. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Defendants have failed to establish that Myers was fraudulently joined or is a nominal party. Because Defendants have not met their burden of establishing diversity

jurisdiction, this matter is hereby REMANDED to the Circuit Court of Chesterfield County, Virginia.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record, and the Clerk for the Circuit Court of Chesterfield County, Virginia.

An appropriate order will accompany this Memorandum Opinion.

This case is CLOSED.

It is so ORDERED.

                                                  /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: May 3, 2016
Richmond, Virginia